**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ARMANDO I. RAMIREZ, #759017,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:14-CV-2789-G-BK** |
| | § | |
| **WILLIAM STEPHENS, Director** | § | |
| **TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a state prisoner, filed a *pro se* federal habeas corpus petition under 28 U.S.C. § 2254, which was automatically referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and Special Order 3. For the reasons that follow, it is recommended that this action be summarily dismissed.

## I. BACKGROUND

In August 1996, Petitioner was convicted of possession with intent to deliver a controlled substance and was sentenced to 50 years' imprisonment. *See State v. Ramirez*, No. F96-45023 (Crim. Dist. Court No. 2, Dallas County, Aug. 7, 1996), *aff'd*, No. 05-96-01384-CR (Tex. App., Dallas Jun. 9, 1998). In 1999, he unsuccessfully sought state habeas relief and to extend the time to file a federal petition. *See Ex parte Ramirez*, No. WR-40,682-01 (Tex. Crim. App. Mar. 24, 1999) (denying without written order state post-conviction application); *Ramirez v. Johnson*, No. 3:99-CV-1394-G (N.D. Tex. Jul. 14, 1999) (denying for want of jurisdiction letter motion seeking to extend one-year limitations period for filing federal habeas corpus petition).

In 2014, eighteen years after he was first convicted, Petitioner sought to reopen his 1999 federal case. [Doc. 4]. The Court denied his request, but liberally construed his letter motion as

a petition for federal habeas relief.  [Doc. 3].  Thereafter, Petitioner filed an amended petition on the court form, claiming he was never charged with a deadly weapon, no Hispanic jurors were permitted to sit on the jury, two judges presided over his trial, no tests were conducted on the drugs, neither the weapon nor the drugs were in plain view, he was enticed to take the stand, and defense counsel rendered ineffective assistance of counsel.  [Doc. 5 at 6-8].

On September 5, 2014, the Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds.  [Doc. 8].  As of the date of this recommendation, however, Petitioner has impliedly refused or failed to respond to the Court's order.

## II. ANALYSIS

This case is ripe for dismissal for failure to comply with a court order and/or for want of prosecution since Petitioner failed to respond to the September 5, 2014 order, Doc. 8, and has not requested an extension of time to do so.  That notwithstanding, the petition should be dismissed as time barred.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).  Since Petitioner did not file a petition for discretionary review (PDR), his conviction became final under section 2244(d)(1)(A) on July 10, 1998 -- thirty days after the court of appeals affirmed his judgment of conviction.  *See* TEX. R. APP. PROC. 68.2(a) (PDR must be filed within thirty days of either date on which judgment is affirmed, or last timely motion for rehearing is overruled by court of appeals); *Flores v. Quarterman*, 467 F.3d 484, 485

(5th Cir. 2006) (conviction final thirty days after judgment was affirmed because no PDR).

Subsections (B) through (D) of section 2244(d)(1) are inapplicable here.  Petitioner alleges no

state-created impediment that prevented timely filing of his claims, and does not base his

grounds for relief on any new constitutional right.  In addition, the facts supporting his grounds

for relief became or could have become known prior to the date on which his conviction became

final.

Thus, the one year period began to run in this case on June 11, 1998.  As of the filing of

the state application on January 29, 1999, 203 days of the one-year limitations period had

elapsed.  *See Ex parte Ramirez*, No. W96-45023-A (Criminal District Court No. 2, Dallas

County) (online judicial information).  The state application remained pending until its denial on

March 24, 1999, statutorily tolling the one-year limitations period.  28 U.S.C. § 2244(d)(2)

(statutory tolling available during pendency of properly filed state application).  The one-year

period resumed running the next day, on March 25, 1999, and expired 162 days later on

September 3, 1999, long before the filing of the federal petition in this case.

Petitioner's filings, even when liberally construed in light of his *pro se* status, do not

present "rare and exceptional circumstances" warranting equitable tolling.  Lawrence v. Florida,

549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way and prevented timely filing.").  Unexplained delays do not evince due diligence or rare and

extraordinary circumstances.  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is

not intended for those who sleep on their rights.") (quotation and quoted case omitted); Coleman

v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the

applicant must diligently pursue . . . [habeas] relief.").  Furthermore, a petitioner's *pro se* status

and unfamiliarity with the law do not suffice as a basis for equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED December 19, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE